**THIRD DIVISION**
**BROWN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 30, 2026**

# In the Court of Appeals of Georgia

A26A0056. COCA-COLA BOTTLING COMPANY UNITED, INC. et al. v. LEWIS.

BROWN, Chief Judge.

In this lawsuit arising from a three-car collision, Azariah Lewis sued Cornelius McKnight and his employer, Coca-Cola Bottling Company United-East, LLC, ("CCBCU-East") among others, for negligence, negligence per se, and negligent hiring, training, and supervision. We granted CCBCU-East's application for interlocutory appeal from the trial court's denial of its motion for summary judgment. For the following reasons, we reverse.

> We review de novo the grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is

entitled to judgment as a matter of law. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case.

*Henry v. Griffin Chrysler Dodge Jeep Ram*, 362 Ga. App. 459, 460–61 (868 SE2d 827) (2022) (citation and punctuation omitted); OCGA § 9-11-56(c),(e).

Viewed in the proper light, the record shows that at 3:12 a.m. on July 16 2019, McKnight was driving a tractor-trailer as part of his employment with CCBCU-East on State Road 316 in Gwinnett. As McKnight was driving, he merged into the left of two westbound lanes to pass a Kia Forte being driven by Lewis in the right westbound lane. While McKnight was attempting to pass Lewis's car, a marked law enforcement vehicle driven by an officer with the Gwinnett County Police Department approached him from behind with its blue lights and siren activated. The officer was attempting to respond to an emergency call. McKnight averred that once he noticed the police vehicle's emergency lights behind him, he activated his right-turn signal in an attempt to merge back into the right-hand lane. However, he was unable to merge because Lewis's car had also begun to slow down and was traveling next to him at a similar rate of speed. There was no shoulder for McKnight to merge into on the left side. The

officer testified that he observed McKnight's brake lights as he approached with his vehicle's blue lights and siren activated, but he could not recall whether McKnight turned on his right-turn signal.

Soon after, Lewis moved her car to the right of her lane while McKnight moved the tractor-trailer to the left of his lane. The officer deposed that because he believed that Lewis's car was going to "move all the way onto the shoulder" of the road, he then tried to drive between McKnight and Lewis. As the officer was driving between the two vehicles, Lewis "came back into [her] lane" and the police vehicle struck the vehicles driven by Lewis and McKnight. At this point, Lewis momentarily lost consciousness. The tractor-trailer never made contact with Lewis's car. Lewis testified in her deposition that she knew that the officer's vehicle struck her car, but she did not otherwise know how the accident happened. McKnight did not receive a traffic citation as a result of the collision.

Lewis sued the officer, CCBCU-East, Coca-Cola Bottling Company United, Inc., (collectively, the "Coca-Cola entities"), McKnight, Gwinnett County, and two insurance companies, seeking damages for injuries she sustained in the collision. As relevant in this case, Lewis asserted claims of negligence and negligence per se against

McKnight and the officer as well as claims of imputed liability, negligent hiring, training, and supervision and punitive damages against both Coca-Cola entities. She also sought OCGA § 13-6-11 attorney fees from all defendants.

Following discovery, McKnight and the two Coca-Cola entities moved for summary judgment. They argued, in relevant part, that there is no evidence that McKnight breached any applicable standard of care, or that any negligence attributable to McKnight or the Coca-Cola entities caused the July 2019 collision. Thus, absent such a causal connection, Lewis's claims for imputed liability, punitive damages, and negligent hiring, training, and supervision against the Coca-Cola entities fail. After a hearing, the trial court granted a consent motion to dismiss all defendants other than CCBCU-East and denied as moot the requests for summary judgment by McKnight and Coca-Cola Bottling Company United, Inc. In the same order, the trial court granted summary judgment to CCBCU-East on Lewis's claim for punitive damages, but denied summary judgment on Lewis's "negligence claims."

1. As a separate enumeration of error, CCBCU-East argued that the trial court erred by finding that McKnight and Coca-Cola Bottling Company United's motion for summary judgment was moot in light of the consent order dismissing them from

the case. However, because CCBCU-East failed to support this enumeration with citation to authority or argument in its appellate brief, "such enumeration will be deemed abandoned." *Tolbert v. State*, 378 Ga. App. 478, 481 (2) (925 SE2d 736) (2026) (punctuation omitted); Court of Appeals Rule 25(d)(1).

2. The claims that remain against CCBCU-East are premised on imputed liability for McKnight's alleged negligence because he was acting within the scope of his employment at the time of the July 2019 collision. CCBCU-East contends that it is entitled to summary judgment on Lewis's claim for negligence because there is insufficient record evidence showing that McKnight's actions breached a duty owed to Lewis or proximately caused the collision. We agree.

Under Georgia law, "a defendant may prevail at summary judgment by demonstrating that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Hunsucker v. Belford*, 304 Ga. App. 200, 201(1) (695 SE2d 405) (2010) (punctuation omitted). A defendant can accomplish this by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element

of plaintiff's case." Id. (punctuation omitted). If the record contains "insufficient evidence to create a genuine issue as to any essential element of a plaintiff's claim, that claim tumbles like a house of cards, and all other factual disputes are rendered immaterial." *Handberry v. Manning Forestry Servs.*, 353 Ga. App. 150, 152 (836 SE2d 545) (2019) (punctuation omitted). "Although issues of negligence are generally left to the jury, in cases where the alleged negligent conduct is susceptible to only one inference, the question becomes a matter of law for the court to determine." *Hunsucker*, 304 Ga. App. at 201(1).

"To state a cause of action for negligence in Georgia, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Callaway Gardens Resort v. Grant*, 365 Ga. App. 222, 224(1) (878 SE2d 65) (2022) (punctuation omitted). "[N]egligence is not to be presumed, but is a matter for affirmative proof. And in the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." *Handberry*, 353 Ga. App. at 152–53(1) (citations and punctuation omitted). Thus, the mere "occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." *Wilkerson v. Alexander*, 208 Ga. App. 83, 85(1) (429 SE2d 685) (1993) (punctuation omitted).

(a) *Breach of duty.* CCBCU-East argues that there is no evidence in the record showing that McKnight breached any duty by driving in the left-hand lane or failing to yield to the police car by merging right, and thus any claims for imputed liability against it must fail. We agree.

In her opposition to CCBCU-East's motion for summary judgment, Lewis argued that McKnight had a duty to yield to the officer's vehicle under OCGA § 40-6-74, which requires drivers to yield the right of way to an emergency vehicle. In relevant part, OCGA § 40-6-74(a) provides that

> [u]pon the immediate approach of an authorized emergency vehicle ... making use of an audible signal and visual signals ..., the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and *as close as possible to*, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle or law enforcement vehicle has passed[.]

(Emphasis supplied). This Court has held that a driver violates OCGA § 40-6-74 only if the "fundamental element" of this statute has been met: namely, that the defendant "obstructed the roadway and prevented the officer from *passing* him." *Jackson v.*

7

*State*, 223 Ga. App. 27, 28(1) (477 SE2d 28) (1996). Accord *State v. Shaw*, 353 Ga. App. 102, 105(2) (836 SE2d 208) (2019).

Here, Lewis has not cited any evidence in the record to prove that McKnight breached a duty by violating OCGA § 40-6-74(a) when he failed to merge into an occupied right-hand lane prior to the collision. In contrast, McKnight cited evidence in the record showing that it was not possible for him to move to the right-hand lane in order to yield to the officer's vehicle prior to the collision and that, instead, he attempted to yield to the officer by moving as far left into his lane as possible to provide space for the officer to navigate through. The evidence is undisputed that, as soon as McKnight noticed the police lights and sirens behind him, he activated his brakes to slow down, and he turned on his right-turn signal in an effort to merge right. However, McKnight was unable to merge into the right-hand lane before the collision occurred because Lewis's vehicle continued to travel at a similar rate of speed in the lane next to his.[1] Lewis's testimony confirms this statement. She admitted that she

---

[1] Georgia's traffic law requires a driver passing another vehicle on the left to avoid returning to the right-hand lane before it is safe to do so. See OCGA §§ 40-6-42(1) ("The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle...."); 40-6-48(1) ("A vehicle shall be driven as nearly as practicable entirely within a single lane and

8

kept pace with McKnight's tractor-trailer from the time she first saw the emergency lights until immediately before impact.[2] The officer's testimony confirmed that it would not have been possible for McKnight to merge into the right lane without striking Lewis's vehicle. When McKnight realized that he could not merge into the right-hand lane, he attempted to yield to the law enforcement vehicle by moving as far left into his current lane as he could to allow the officer to pass. McKnight could not merge further left because there was no shoulder on the left side of the roadway.

Lewis has not cited to any relevant legal authority demonstrating that a driver violates OCGA § 40-6-74 by failing to pull over into the right-hand edge of the roadway when the traffic conditions make it impossible to do so.[3] See OCGA § 40-6-

shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.").

[2] Lewis asserts that "McKnight never put on his right blinker … to merge into the right lane." However, the deposition testimony that she cites for this assertion does not support such a statement. Instead, Lewis merely testified that she did not see a turn signal on the tractor-trailer due to the position of her car. Similarly, the officer deposed that he could not recall whether McKnight activated his turn signal when he approached behind the tractor-trailer. Accordingly, this testimony does not create an issue of fact.

[3] Indeed, it was Lewis's failure to give way to McKnight as the overtaking vehicle in the left lane in violation of OCGA § 40-6-42(1) and her failure to yield by merging to the right shoulder in compliance with OCGA § 40-6-74(a) that made it

9

74(a) (a driver shall yield to oncoming emergency vehicles by immediately merging "*as close as possible to*" the right hand edge of the roadway) (emphasis added). In *State v. Shaw*, 353 Ga. App. at 105(2), this Court held that in order for a driver to have violated OCGA § 40-6-74, the driver must have "obstruct[ed] the roadway, thereby preventing an emergency vehicle from proceeding upon its route in pursuit of a fleeing suspect or other emergency." Thus, in *Shaw*, this Court held that a defendant driver who passed a patrol car with activated emergency lights in the far right lane of a three-lane road did not obstruct the patrol car in violation of OCGA § 40-6-74 because the patrol car had two empty lanes to proceed through. Id. Similarly, here, the evidence shows that McKnight did not violate OCGA § 40-6-74 by failing to merge onto the right-hand edge of the roadway when that lane was occupied by Lewis's car.[4] Once McKnight realized that it would be impossible to merge to the right-hand lane or the edge of the road, he attempted to move as far left as he could in his current lane in

---

impossible for McKnight to immediately yield to the patrol car behind him.

[4] Under a similar emergency vehicle statute, the Court of Appeals of Louisiana held that a driver did not violate a statute requiring drivers to yield the right of way to emergency vehicles because the driver was unable to pull over on the right-hand side of the road due to traffic and cars parked alongside the road's shoulder. *Wiley v. Sutphin*, 108 So2d 256, 259-61 (La. Ct. App. 1958).

order to enable the officer to pass. See *Ireland v. Williams*, 351 Ga. App. 124, 129(1) (830 SE2d 538) (2019) ("[N]egligence is not to be presumed, but is a matter of affirmative proof; without some affirmative proof of negligence, the court must presume performance of duty and freedom from negligence."). Accordingly, we conclude that McKnight did not violate OCGA § 40-6-74.

Similarly, Lewis has failed to cite to any evidence showing that McKnight failed to exercise ordinary care or that he failed to maintain his lane or to keep a proper and diligent lookout for vehicles. See *Dogan v. Buff*, 329 Ga. App. 499, 500(1) (765 SE2d 674) (2014) ("All drivers of vehicles using the highway are held to the exercise of due care."); *Hayes v. Crawford*, 317 Ga. App. 75, 78 (730 SE2d 26) (2012) ("Every driver is under a duty to keep a proper lookout for potential hazards.") (punctuation omitted). McKnight cites to his uncontroverted statement that he was traveling within the posted speed limit, he was attempting to lawfully pass Lewis's vehicle in the left-hand lane when he noticed the law enforcement vehicle's emergency lights behind him, he immediately activated his right-turn signal in an effort to merge to back to the right-hand lane, and he was unable to merge into the right-hand lane because Lewis's vehicle was traveling at the same rate of speed. The officer's testimony confirms this

recitation of the facts.[5] Lewis has not cited to any specific fact in the record showing that McKnight failed to exercise ordinary care while driving.

Based upon the above, we conclude that Lewis has failed to point to specific evidence creating a material issue of fact for the jury's determination as to McKnight's breach of any duty of care by failing to yield to the patrol car or by otherwise driving unsafely. See *Ireland*, 351 Ga. App. at 128–30(1) (summary judgment was warranted in favor of defendant motorist when plaintiff pedestrian failed to point to evidence showing that motorist failed to follow rules of the road, was driving unsafely, or otherwise should have seen pedestrian before striking him); *Tuggle v. Helms*, 231 Ga. App. 899, 899 (499 SE2d 365) (1998) (trial court erred in denying summary judgment to defendant driver of car involved in collision when the record was "devoid of any competent evidence that the automobile accident was caused by any negligent act or omission of" the defendant). Indeed, the evidence is "plain,

---

[5] As to Lewis's argument that McKnight failed to exercise due care by driving in the left lane, we are unpersuaded. Lewis's reliance upon the officer's deposition testimony that if there had been no vehicles in the left lane at the time of the collision, the collision would not have happened, and he did not know why McKnight was in the left lane does not add to our analysis. This testimony sheds no light on whether McKnight's presence in the left lane at the time of the collision or his failure to merge to the right prior to the collision was negligent.

12

palpable, and indisputable" that McKnight did not breach a duty by failing to merge into the right-hand lane that was occupied by Lewis. *Hite v. Anderson*, 284 Ga. App. 156, 159 (643 SE2d 550) (2007).

Because Lewis's action against CCBCU-East for imputed liability is purely derivative in nature and because Lewis has failed to establish negligence against McKnight, Lewis's negligence claims against CCBCU-East fail. See *Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13, 23(2) (802 SE2d 346) (2017), overruled on other grounds by *Quynn v. Hulsey*, 310 Ga. 473, 482 n.10 (850 SE2d 725) (2020); *Oswell v. Nixon*, 275 Ga. App. 205, 207–08(1) (620 SE2d 419) (2005) (affirming summary judgment in favor of defendant on a respondeat superior claim because it was derivative of the underlying negligence claim, which was likewise dismissed).

(b) As a result of this holding, we need not address CCBCU-East's arguments that McKnight's actions were not the proximate cause of the collision.

3. We likewise conclude that the trial court erred in denying CCBCU-East's motion for summary judgment as to Lewis's claim for negligence per se based upon

an alleged violation of OCGA § 40-6-74. As held in Division 2, McKnight was not in violation of OCGA § 40-6-74.

4. CCBCU-East next argues that the trial court erred by denying summary judgment on its claims for negligent hiring, training, and supervision. We agree.

"The appropriate standard of care in a negligent hiring/retention action is whether the employer knew or should have known the employee was not suited for the particular employment." *Western Indus., Inc. v. Poole*, 280 Ga. App. 378, 383(3) (634 SE2d 118) (2006) (punctuation and emphasis omitted). Georgia courts "have granted summary judgment to employers when there is no evidence that the employer knew of violations on the employee's driving record or ignored its own reasonable policy of investigating such records, and denied summary judgment when there is evidence that the employer knew" of such driving violations on the employee's records. Id. at 382(3). See also *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 878(1) (429 SE2d 264) (1993) (to establish triable issues on claims for negligent hiring, training, and retention, a plaintiff must point to record evidence that an employer had "actual or constructive knowledge of" the employee's "propensity to commit the acts complained of"). Here, Lewis has failed to point to *any* evidence showing that CCBCU-East had

knowledge—actual or constructive—of any violations on McKnight's driving record prior to the collision. Accordingly, the trial court erred when it denied summary judgment on Lewis's negligent hiring, training, and supervision claim. Id.

5. Finally, CCBCU-East argues that the trial court erred by denying its motion for summary judgment on Lewis's claim for OCGA § 13-6-11 attorney fees. Because Lewis has no remaining claims against CCBCU-East, we agree. See *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147(2) (475 SE2d 601) (1996) ("A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim[s]."); *Davis v. Johnson*, 280 Ga. App. 318, 322 (634 SE2d 108) (2006) ("[A]ttorney fees awarded under OCGA § 13-6-11 are ancillary and recoverable only when a plaintiff prevails on an underlying claim or remedy[.]").

*Judgment reversed. Dillard, P. J., and Pipkin, J., concur.*